Sandra L. Jacquot Shawnee County Counselor 200 S.E. 7th Street, Suite 100 Topeka, Kansas 66603-3932
Dear Ms. Jacquot:
On behalf of the Shawnee County Treasurer, you request our opinion regarding collection of property taxes on motor vehicles purchased by County residents outside of the State of Kansas and then brought into the state to be operated on Kansas highways. Specifically, your questions are as follows:
 "(1.) When a Shawnee County resident purchases an out-of-state titled vehicle, (ADA foreign titled) for property taxation purposes, should the purchase date on the title be used for pro-rating property taxes on the vehicle?
 "(2.) When a Shawnee County resident purchases an out-of-state titled vehicle, for property taxation purposes, should the date on the MVE-1 inspection form be used for pro-rating property taxes on the vehicle?
 "(3.) If a Shawnee County resident and owner of an out-of-state titled vehicle submits an affidavit to the County Treasurer, wherein the owner attests to the date and address the out-of-state titled vehicle entered Kansas, for property taxation purposes, should the County Treasurer use the affidavit date as the date for pro-rating property taxes on the vehicle?"
K.S.A. 1996 Supp. 79-5107 states in part:
 "(a) Except as provided in subsection (e) [dealing with vehicles owned by individuals in military service], the tax imposed by this act upon any motor vehicle, . . . which has been acquired, or brought into the state, or for any other reason becomes subject to registration after the owner's regular annual motor vehicle registration date, shall become due and payable at the time such motor vehicle becomes subject to registration under the laws of this state and the amount of tax to be paid by the owner for the remainder of the tax year shall be an amount which is equal to 1/12 of the tax which would have been due upon such motor vehicle for the full registration year, multiplied by the number of full calendar months remaining in the registration year of the owner of such vehicle. Such tax shall be paid at the time of the registration of such motor vehicle." (Emphasis added).
Pursuant to K.S.A. 8-127(a), the owner of a motor vehicle intended to be operated in this State is required to register the vehicle before it may be operated in this State. Non-compliance with this statute constitutes an unclassified misdemeanor. K.S.A. 1996 Supp. 8-142 and K.S.A. 8-149. There are, however, several exceptions to the registration requirement, including: Vehicles that are the subject of interstate agreements; vehicles exempt from registration pursuant to K.S.A. 1996 Supp. 8-128; and vehicles belonging to non-resident owners when duly licensed in the state of residence, subject to reciprocity, K.S.A. 8-138a
(residency is defined generally in K.S.A. 8-1,138). We assume that none of the exceptions apply for purposes of your inquiry. Thus, a motor vehicle will generally become subject to registration at the time it is first operated on any highway in this State.
Before a person may register a vehicle in this State, he or she must either pay all personal property taxes due and owing, or show evidence that such taxes have been paid or that the property is exempt from taxation. K.S.A. 8-173; 8-175; K.A.R. 92-55-10.
Nowhere do the above-referenced statutes establish a presumption regarding determination of the exact date the vehicle first becomes subject to registration and therefore taxation. You have suggested three alternatives for use by county treasurers when called to make such determination: The purchase date on the title; the date on the vehicle inspection form required by K.S.A. 8-116a(b); or the date set forth in an affidavit submitted by the vehicle owner. There is no statutory provision requiring or authorizing use of any of these dates. Nor is there anything in the statutes that would preclude such a presumption, as long as the goal is to determine as near as possible the date the vehicle first became subject to registration in this State. In the absence of any statutory guidance in this regard, and in the interest of state-wide uniformity, it is our opinion that county treasurers should follow the guidelines established by the Department of Revenue, the agency charged with administering both the vehicle registration statutes as well as the motor vehicle tax statutes. Those guidelines are currently set forth in a memorandum dated October 7, 1997, a copy of which is attached.
In conclusion, Kansas property taxes on motor vehicles purchased outside the State are generally due at the time the vehicle becomes subject to registration in Kansas. With certain specified exceptions, a motor vehicle becomes subject to registration in Kansas at the time it is first operated in this State. In the absence of statutory guidance, county treasurers should follow the guidelines established by the Department of Revenue in making determinations regarding the date to use in assessing taxes.
Very truly yours;
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm